## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FILED

NOV 0 5 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| CENTURY INTERNATIONAL ARMS, LTD., ) and CENTURY INTERNATIONAL ARMS, INC., ) ) Plaintiffs, ) ) v. ) ) THE FEDERAL STATE UNITARY ) ENTERPRISE STATE CORPORATION ) 'ROSVOOROUHENIE', f/k/a THE STATE ) CORPORATION FOR EXPORT AND ) IMPORT OF ARMAMENTS AND MILITARY ) EQUIPMENT 'ROSVOOROUZHENIE', ) ) Defendant. ) ) | Civil Action No. 00-2098 (ESH) |

## MEMORANDUM ORDER

Yet again the Court is faced with a rat's nest of legal disputes between the defendant-counter plaintiff Rosvoorouzhenie and plaintiffs-counterdefendants Century USA and Century Canada.  In a Memorandum Opinion and Order dated October 22, 2001, this Court granted summary judgment against the plaintiffs on their breach of contract claims, enforced the arbitration award of $2,400,000.00 plus fees and costs against Century Canada, but denied Rosvoorouzhenie's Motion for Summary Judgment on its counterclaim to hold Century USA liable for the arbitration award on the grounds that it was not a party to the arbitration proceeding. *Century International Arms, Ltd. v. The Federal State Unitary Enterprise State Corp. "Rosvoorouzhenie,"* 172 F. Supp. 2d  79, 98 n.22 (D.D.C. 2001).  Thereafter, in a Memorandum Opinion issued on July 19, 2002, the Court rebuffed Rosvoorouzhenie's belated attempt to reopen discovery so that it could discover facts to support its theories for holding Century USA liable for the arbitration award entered against Century Canada.  However,



84

recognizing that no judgment had been entered on Rosvoorouzhenie's counterclaims, the Court ordered Rosvoorouzhenie to show cause why its counterclaim against Century USA should not be dismissed with prejudice.[1/]

In response to this July 19 Order, Rosvoorouzhenie has filed its Response to the Court's Request to Show Cause, arguing that summary judgment cannot be entered on its counterclaim given the outstanding issues of fact that need to be resolved regarding whether Century USA can be held liable for Century Canada's debts (*i.e.*, the arbitration award) on the basis that Century USA was the alter ego of Century Canada, they were a single enterprise, or that Century Canada was the agent of an undisclosed principal -- Century USA. Century USA and Century Canada have replied, raising a host of arguments as to why Rosvoorouzhenie's position is foreclosed by this Court's Order of October 22, 2001. However, for the reasons explained herein, the Court need not at this time, nor may it ever have to, address this dispute given the relief requested by Rosvoorouzhenie in its Motion to Reconsider and for Clarification.

In this motion, Rosvoorouzhenie asks this Court to reconsider its July 19 ruling denying further discovery as to its theories for holding Century USA liable on the arbitration award. In addition, Rosvoorouzhenie seeks post-judgment discovery against both plaintiffs-counterdefendants pursuant to Fed. R. Civ. P. 69(a), which provides in pertinent part:

> In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

---

[1/]   By proceeding in this fashion, the Court was providing both adequate notice and an opportunity to be heard on the counterclaim, and was not, as Rosvoorouzhenie suggests, attempting to enter summary judgment *sua sponte*. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (the critical question is whether the losing party was "on notice" that it needed to "come forward with all of its evidence").

While it is tempting, as well as justifiable, to deny reconsideration of the prior ruling regarding reopening liability discovery, it is unnecessary to even address this matter. Given the facts before the Court, as well as the procedural morass that we now find ourselves in, the resolution of Rosvoorouzhenie's request for Rule 69(a) discovery effectively moots any need for liability discovery, since, as a practical matter, the discovery that is permissible under Rule 69(a) mirrors the discovery that Rosvoorouzhenie seeks regarding Century USA's liability.

As is clear from the case law, full post-judgment discovery is permitted under Rule 69(a). In this regard, the judgment creditor is entitled to take discovery of the judgment debtor, as well as others, in order to discover hidden or concealed assets of the judgment debtor. *See, e.g., First City, Texas-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 52 (2d Cir. 2002); *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 430-31 (8th Cir. 1998). Therefore, Rosvoorouzhenie is entitled to inquire of both plaintiffs-counterdefendants as to their financial relationship, including any matter touching on "the bona fides of [any] transfer of assets between them." *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y. 1977) (citing *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 335 (E.D. Pa. 1974)). In addition to discovery regarding any concealed or fraudulently transferred assets, Rosvoorouzhenie has raised a sufficient factual basis[2] to permit discovery as to whether Century USA is the alter ego of Century Canada. For, if such a relationship were to be established, Rosvoorouzhenie could pierce the corporate veil and seek to satisfy its judgment with Century USA's assets. *See, e.g., First City*, 281 F.3d at 54; *Caisson Corp.*, 62 F.R.D. at 333-35; *Trustees of the N. Fla. Operating Engineers Health & Welfare Fund v. Lane Crane Service, Inc.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993); *Costamer*

---

[2] *See* Rosvoorouzhenie's Response to Court's Request to Show Cause at 12.

*Shipping Co., Ltd. v. Kim-Sail, Ltd.*, 1995 WL 736907 (S.D.N.Y. 1995). While

Rosvoorouzhenie's showing may not be sufficient at the end of the day to support an allegation

of an alter ego relationship, the Court is persuaded that there is an adequate basis for permitting

the requested discovery.

Finally, the Court rejects plaintiffs' attempts to thwart Rosvoorouzhenie's rights to seek

discovery pursuant to Rule 69(a). *See* Century's Response to Defendant's Request for

Production (attached as Exhibit B to Defendant's Motion to Reconsider and for Clarification).

First, plaintiffs invoked this Court's jurisdiction, and in response, Rosvoorouzhenie properly

filed a counterclaim asking this Court to enforce the arbitration award against both plaintiffs.

Pursuant to 9 U.S.C. § 203, this Court has the power to enforce an international arbitration

award, and plaintiffs absolutely have no grounds to challenge this Court's jurisdiction to permit

post-judgment discovery and collection of the money judgment. *See Grammenos v. Lemos*, 457

F.2d 1067, 1070) (2d Cir. 1972) (if a party enters a case, makes no objection to jurisdiction, and

asks the court to act on its behalf, it will have waived any objection to personal jurisdiction);

*First City*, 281 F.3d at 54 (". . .where subject matter jurisdiction under the FSIA [Foreign

Sovereign Immunities Act] exists to decide a case, jurisdiction continues long enough to allow

proceedings in aid of any money judgment that is rendered in this case. . . . includ[ing] discovery

regarding a possible alter ego of . . . [the judgment debtor] that may have assets sufficient to

satisfy First City's judgment"). Second, plaintiffs cannot resist discovery on the basis that the

requested discovery is impermissible under this Court's July 19 ruling. Discovery under Rule

69(a) is not liability-related discovery, and thus, it is exempt from the Court's prior ruling

denying the reopening of discovery.

-4-

In sum, Rosvoorouzhenie's request for Rule 69(a) discovery is granted,[3] and plaintiffs' objections to discovery are overruled.  Such discovery shall be completed on or before February 3, 2003,[4] and any dispute that arises regarding this discovery is hereby referred to Magistrate Judge Alan Kay.  In addition, a status will be held in this case on February 10, 2002 at 9:30 a.m.  A separate Order accompanies this Memorandum Opinion.

DATE: 11/4/02

_Ellen S Huvelle_
ELLEN SEGAL HUVELLE
United States District Judge

---

[3]  Defendant's request for reconsideration is effectively rendered moot by this ruling permitting post-judgment discovery of both plaintiffs.

[4]  To the extent that defendant fails to proceed expeditiously, it will not be granted an extension of this deadline.